UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

GRAHAM FLAGG GODBEY,

              Defendant.

_____

**DECISION AND ORDER**

11-CR-00292(A)(M)

        This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters [14].[1] Before me is defendant's motion [21] for leave to file pretrial motions beyond the original deadline of November 14, 2011 set forth in my October 6, 2011 Scheduling Order [16]. Defendant's pretrial motions were ultimately filed on November 28, 2011 [20], and he also seeks leave to file additional motions "as the factors and evidence emerge through requested disclosure." Saraceno Affirmation [21], ¶8. For the following reasons, defendant's motion is granted in part, and denied in part.

**ANALYSIS**

        Pursuant to Fed. R. Crim. P. 45(b)(1)(B), a court "for good cause may [extend a deadline] on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" United States v.

---

[1]     Bracketed references are to the CM/ECF docket entires.

Pomerico, 2008 WL 4469465, *1 (E.D.N.Y. 2008) (*quoting* Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003), cert. denied, 540 U.S. 1105 (2004)).

Defendant's counsel states that he missed the deadline for filing pretrial motions because defendant's file was temporarily misplaced during his office relocation. Saraceno Affirmation [21], ¶¶4-6. The government concedes that "the defendant has set forth a reasonable basis to excuse the late-filing". Government's Response [22], p. 2.

## CONCLUSION

Since "there is a preference for resolving disputes on the merits" (Powerserve International, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)), defendant's motion [21] is hereby granted to the extent it seeks leave to accept the late-filed pretrial motions [20], but otherwise denied, without prejudice to the possibility of additional motions in the future, upon a showing of good cause. An amended scheduling order will be issued.

**SO ORDERED**

Dated: December 1, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge